Opinion issued January 25, 2007 















Opinion
issued January 25, 2007










 

 

 

 














 

     

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-02-00852-CR

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



OMAR CASTILLO, Appellant

 

V.

 

THE STATE OF TEXAS,
Appellee

 

 



On Appeal from the 208th District Court

Harris County, Texas

Trial Court Cause No. 877578

 








 



MEMORANDUM OPINION

Appellant Omar Castillo was convicted
by a jury of the first-degree felony offense of aggravated robbery.  Tex.
Pen. Code Ann. §§ 29.02, 29.03 (Vernon 2003).  The trial court assessed punishment at twenty
years’ confinement.  In 2003, Castillo’s
counsel on appeal submitted a brief pursuant to Anders v. California, stating his professional opinion
that the appeal is without merit and that there are no arguable grounds for
reversal.  386 U.S.
738, 744, 87 S. Ct.
1396, 1400 (1967).  We
affirmed Castillo’s conviction and granted counsel’s motion to withdraw.  Castillo
v. State, No. 01-02-00852-CR, 2004 WL 396373, at *1 (Tex. App.—Houston
[1st Dist.] Mar. 4, 2004, no pet.) (not designated for publication).  

The Texas Court of Criminal Appeals,
thereafter, granted Castillo’s post-conviction application for writ of habeas
corpus because Castillo’s counsel did not comply with the requirements of Anders in failing to mail Castillo a copy
of the Anders brief.  Ex parte Castillo, No. AP-75424, 2006 WL 1410760, at *1 (Tex. Crim. App. May 24, 2006) (not
designated for publication);
see also Anders, 386 U.S. at 744, 87 S. Ct. at 1400; Ex parte Wilson, 956 S.W.2d 25, 27 (Tex. Crim.
App. 1997).  The Court of Criminal
Appeals granted Castillo the right to file an out-of-time pro se appellate
brief in this court.  Ex parte Castillo, 2006 WL 1410760, at
*1.  Castillo has now filed a pro se brief.  In three issues,
Castillo contends (1) the trial court erred in admitting the knife used to
commit the aggravated robbery into evidence, (2) the evidence is legally
insufficient to support the theft element of aggravated robbery, and (3) the
evidence is legally and factually insufficient to support the deadly weapon
element of aggravated robbery.  We have
reviewed the record and, having found no reversible error, we affirm Castillo’s
conviction. 

Background

In May 2001, Victor Duarte purchased
a lottery ticket from Jose Cavazos, a manager at a Fiesta liquor store.  Duarte
then walked out of the store and began scratching off the ticket.  Castillo and another man approached Duarte while he was
standing outside the store.  Castillo put
his arm around Duarte’s
neck, held a knife to his back, and said, “Give me all your money.”  Castillo took thirty dollars from Duarte’s
wallet and gave it to his accomplice, who then ran across the street.  Castillo also took Duarte’s
cellular telephone.  Cavazos came out of
the liquor store with some trash and noticed that Duarte
was being robbed.  Cavazos grabbed
Castillo by the back of his shirt and pulled him to the ground.  Castillo then got up with the knife and cellular
telephone, and ran away.  Cavazos gave
chase but halted when Castillo threatened him with his knife.

Cavazos called a security guard and
gave him a description of Castillo and his accomplice.  The security guard went to the back of the
store to look for Castillo.  Duarte
also walked to the back of the store and when he arrived, he saw the security
guard putting handcuffs on Castillo.  The
security guard told Duarte that Castillo was
trying to climb a fence behind the store, but surrendered when he was
unsuccessful.  The security guard
searched Castillo and returned the cellular telephone to Duarte.  The security guard gave Castillo’s knife to
Houston Police Officer W. Purser, who arrived a few minutes later.  

Anders Procedure

The brief submitted by Castillo’s
court-appointed counsel states his professional opinion that there are no
arguable grounds for reversal on appeal and that any appeal would, therefore,
lack merit.  See Anders, 386 U.S. at 744, 87 S. Ct. at 1400.  Counsel’s brief meets the minimum Anders
requirements by presenting a professional evaluation of the record
and stating why there are no arguable grounds for reversal on appeal.  See Gainous v. State, 436 S.W.2d 137, 138
(Tex. Crim. App. 1969). 
The State waived its opportunity to file a reply to the arguments
presented in Castillo’s pro se response.

When we receive an Anders brief from a defendant’s
court-appointed attorney who asserts that no arguable grounds for appeal exist,
we must determine that issue independently by conducting our own review of the
entire record.  See Anders, 386 U.S. at 744, 87 S. Ct. at 1400
(emphasizing that reviewing court—and not counsel—determines, after full
examination of proceedings, whether case is “wholly frivolous”); Stafford v. State, 813 S.W.2d 503, 511
(Tex. Crim. App. 1991).  In
conducting our review, we consider any pro se response that the defendant files
to his appointed counsel’s Anders
brief.  See Bledsoe v. State, 178 S.W.3d 824, 826–28
(Tex.
Crim. App. 2005).  

Our role in this Anders appeal, which includes
reviewing the pro se response by Castillo, is limited to determining whether
arguable grounds for appeal exist.  See
id. at
827.  If we determine that
arguable grounds for appeal exist, we abate the appeal and remand the case to
the trial court to allow the court-appointed attorney to withdraw.  See id.  The trial court then either appoints another
attorney to present all arguable grounds for appeal or, if the defendant
wishes, allows the defendant to proceed pro se. 
See id.  We do not rule on
the ultimate merits of the issues raised by Castillo in his pro se
response.  See id.  If we determine that there are arguable
grounds for appeal, Castillo is entitled to have new counsel address the merits
of the issues raised.  See id.  “Only after the issues have been briefed by
new counsel may [we] address the merits of the issues raised.”  Id.

If, on the other hand, we
determine, from our independent review of the entire record, that the appeal is
wholly frivolous, we may affirm the trial court’s judgment by issuing an
opinion in which we explain that we have reviewed the record and have found no
reversible error.  See id. at
826–28.  The holding that there are no
arguable grounds for appeal is subject to challenge by Castillo by a petition
for discretionary review filed in the Court of Criminal Appeals.  Id. at 827 &
n.6.

In accordance with Anders and Bledsoe, we have reviewed the record, Castillo’s
appointed counsel’s Anders brief,
and Castillo’s pro se response to that brief and conclude that no reversible
error exists.  Having reached that
conclusion, we affirm the judgment of the trial court.[1]

Conclusion

We affirm the judgment of
the trial court.

 

 

                                                          Jane Bland

                                                          Justice

 

Panel consists of Chief Justice
Radack and Justices Jennings and Bland.

Do not publish.  Tex.
R. App. P. 47.2(b).

 











[1] The clerk of this court has
a duty to inform Castillo of the result of this appeal and that he may, on his
own, pursue discretionary review in the Court of Criminal Appeals.  See Bledsoe v. State, 178 S.W.3d 824, 827 & n.6 (Tex.
Crim. App. 2005); Ex parte Wilson,
956 S.W.2d 25, 27 (Tex. Crim. App. 1997); Stephens v. State, 35 S.W.3d 770, 771–72 (Tex. App.—Houston [1st Dist.] 2000,
no pet.).